990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hilton Lawrence BROWN, Plaintiff-Appellant,
v.
Charles D. MARSHALL, Warden, Defendant-Appellee.
 No. 92-15340.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 25, 1993.
 
 Before: WALLACE, Chief Judge, FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hilton Lawrence Brown, a California state prisoner, appeals pro se the district court's order denying him leave to file "a number of papers bearing different headings, if any, and different case names," which the district court found "incomprehensible" pursuant to a district court pre-filing review order entered in 1988.[1] We affirm.
 
 
 3
 Based on our review of the complaint in this case, we conclude that the district court acted properly in denying Brown leave to file. The district court's pre-filing review order is designed to prevent "mailing[§ that] are incomprehensible and do not appear to state any claims upon which relief can be granted." Brown filed approximately 27 pages of documents with the district court. In this melange were prior complaints, prior orders of the district court, notices of appeal in prior district court actions, correspondence with the Department of the Army and the Internal Revenue Service, and an inmate request for medical treatment. Nothing in this packet of miscellaneous documents approaches "a short and plain statement that the pleader is entitled to relief." See Fed.R.Civ.P. 8(a)(2). Even if the factual elements of a cause of action are present but scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir.1988). Accordingly, the district court properly denied Brown leave to file these documents.[2]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is unclear from the appellant's informal brief which order he is appealing. The district court record contains an order denying him leave to file "papers" on December 30, 1991. On January 7, 1992, he filed a document with the district court captioned "cross appeal for oral argument" which was construed as a notice of appeal. However, on February 24, 1992, the district court permitted him to proceed and file a complaint in what may be an amended version of his earlier complaint. Because it is unclear from the district court record that Brown, did in fact, file an amended complaint, we shall address the original denial on the merits rather than dismissing on jurisdictional grounds
 
 
 [2]
 We need not address the propriety of the 1988 pre-filing review order. See Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir.), cert. denied, 111 S.Ct. 1082 (1991) (pre-filing review order is considered final when not appealed from)